UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONNA COOK, *et al.*,<br>            Plaintiffs,<br><br>      v.<br><br>DISTRICT OF COLUMBIA,<br>            Defendant. | Civil Action No. 15-156 (AK) |

**MEMORANDUM OPINION**

      The parties consented to this case being reassigned to the undersigned for all purposes and trial pursuant to Local Civil Rule 73.1(a).  (Meet and Confer [7] at 2; Referral to Magistrate Judge [10]). Pending before the Court are Plaintiffs' Motion for Summary Judgment ("Motion") [11] and Memorandum of Points and Authorities in Support of the Motion for Summary Judgment ("Memorandum") [11-1]; Defendant's Cross Motion for Summary Judgment and Memorandum of Points and Authorities in Support Thereof [14] and Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment [13] (collectively, "Cross Motion"); Plaintiffs' Reply in Support of its Motion for Summary Judgment [15] and Plaintiffs' Memorandum in Opposition to Defendant's Cross Motion for Summary Judgment [16] (collectively, "Pls.' Reply"); and Defendant's Reply in Support of its Cross Motion for Summary Judgment ("Def.'s Reply") [17]. Plaintiffs Donna Cook and her minor child, A.C., ("Plaintiffs") request from Defendant District of Columbia ("Defendant") a total of $36,325.00 in attorney's fees and costs incurred pursuing an administrative proceeding brought under the Individuals with Disabilities in Education Act and Individuals with Disabilities in Education Improvement Act (collectively, the "IDEA"), 20 U.S.C.

§ 1400, *et seq.* (Memorandum at 8). Defendant contests certain charges for which Plaintiffs request reimbursement. (Cross Motion at 5-9). Upon consideration of Plaintiffs' Motion for Summary Judgment, Defendant's Cross Motion, Plaintiffs' Reply and Defendant's Reply, and for the reasons set forth herein, the undersigned grants in part and denies in part Plaintiffs' Motion for Summary Judgment [11] and grants in part and denies in part Defendant's Cross Motion for Summary Judgment [14].

## I. BACKGROUND

Plaintiffs are Donna Cook ("Ms. Cook"), parent, and A.C., a minor student with disabilities who requires special education services pursuant to the IDEA. (Memorandum at 1).  The IDEA guarantees all children with disabilities a Free Appropriate Public Education ("FAPE"), 20 U.S.C. § 1400(d)(1)(A), and in general, FAPE "is available to all children with disabilities residing in the State between the ages of 3 and 21." 20 U.S.C. § 1412(a)(1)(A).  Defendant District of Columbia is a municipal corporation that operates the District of Columbia Public Schools system ("DCPS"). (Complaint against District of Columbia ("Compl.") ¶ 9).  Pursuant to the IDEA, Defendant receives federal funds to ensure access to a FAPE, and it is obliged to comply with applicable federal regulations and statutes including the IDEA. *See* 20 U.S.C. § 1411.  Pursuant to 20 U.S.C. § 1415(i)(3)(B), a court may award reasonable attorney's fees to a parent of a child with a disability who prevails in an IDEA proceeding.

A.C. is a female student who has been eligible for Special Education and related services under the IDEA since 2011.  (Hearing Officer Determination ("HOD") [11-4] at 4, 10).  She has undergone a series of assessments in the past few years, the most recent of which include a functional behavioral assessment on March 18, 2012, a comprehensive psychological evaluation on March 14 and 20, 2012, an occupational therapy evaluation on June 11, 2012, and a speech and

language evaluation on July 11, 2012.  (HOD at 4).  At the request of A.C.'s teachers and educational advocate, a multidisciplinary team ("MDT") meeting was held on October 24, 2013.  (*Id.*)  At the meeting, A.C.'s "special education teacher informed the team that the student's behavior had been out of control and very disruptive in the school year...so disruptive that it has impeded her progress and the progress of others."  (HOD at 10-11).  Due to A.C.'s behavioral decline, coupled with the fact that she was receiving all D's and F's in her classes, the MDT team scheduled a psychiatric evaluation, which yielded diagnoses of a mood disorder and ADHD, as well as a recommendation that A.C. be ruled out for psychosis.  (HOD at 5, 11).  In light of this, Ms. Cook requested that A.C. be "comprehensively reevaluated with a comprehensive psychological assessment, a speech and language assessment, an occupational therapy assessment, and a functional behavioral assessment."  (HOD at 5).  Despite this request, however, during A.C.'s next MDT meeting on March 12, 2014, DCPS admitted that "none of the testing had begun despite the student's continuing academic and behavioral decline."  (HOD at 6).

On March 27, 2014, Ms. Cook filed a Due Process Complaint ("DPC") on behalf of A.C. (HOD at 1).  Plaintiffs alleged that DCPS denied the student a FAPE by failing to complete the requested evaluations on A.C. in a timely fashion.  (HOD at 3; Memorandum at 1).  As relief, Plaintiffs sought an order for DCPS to (1) fund independent assessments consisting of a comprehensive psychological assessment, functional behavioral assessment, a speech and language assessment, and Occupational Therapy; (2) convene a MDT meeting within ten days of the receipt of the last assessment to review the results and revise A.C.'s IEP accordingly; (3) discuss and determine A.C.'s placement after review of the IEP; (4) compensatory education. (HOD at 3-4). Finally, Plaintiffs requested from the Hearing Officer a finding that "DPCS denied the student a FAPE."  (HOD at 3).

The Due Process Hearing ("DPH") was held on May 29, 2014. (HOD at 2). The sole issue presented for relief at the DPH was whether "DCPS denied Student a [FAPE] by failing to timely complete the Student's parental requested reevaluation of student given on January 29, 2014." (HOD at 3). The revised[1] HOD was released on June 12, 2014, in which the Hearing Officer found that DCPS did indeed deny A.C. a FAPE. (HOD at 12). As appropriate relief, the Hearing Officer ordered DCPS to (1) fund the comprehensive psychological assessment, the functional behavioral assessment, the speech and language assessment, and Occupational Therapy that her parent requested; (2) convene an MDT meeting within ten business days of receiving the results of the last assessment and develop a Behavior Intervention Plan ("BIP") for A.C., review and revise A.C.'s IEP in light of her academic, social, emotional, and behavioral progress, and determine her appropriate educational placement; and (3) provide 240 hours of compensatory education in the form of academic tutoring beginning July 1, 2014 through October 31, 2014. (HOD at 13).

On January 30, 2015, Plaintiffs filed a Complaint in this Court seeking a judgment declaring that she was the prevailing party in the IDEA administrative proceeding and she was entitled to recover attorney's fees and costs in the amount of $36,325.00. (Compl. ¶ 2, 19). Domiento C.R. Hill ("Mr. Hill") represented Plaintiffs prior to and during the administrative process, at the administrative hearing, and after the HOD was issued. (Memorandum at 5; Attorney Fee Worksheet). Mr. Hill documented 107.4 hours of attorney time, billed at $335.00 and $345.00 per hour (three-quarters of the *Laffey* matrix rate), totaling $36,325.00. (Memorandum at 7; Attorney Fee Worksheet). The undersigned must determine whether and to what extent Plaintiff is entitled to reimbursement of fees.

---

[1] The HOD was revised for clerical errors only. (HOD at 1, n.2).

## II.   LEGAL STANDARD

### A. Summary Judgment on an IDEA Claim

A party moving for summary judgment on legal fees must demonstrate (1) prevailing party status; and (2) the reasonableness of the fees requested in terms of hours spent and hourly rate.[2] *See* 20 U.S.C. § 1415(i)(3); *see also Alegria v. D.C.*, 391 F.3d 262, 265-66, 269 (D.C. Cir. 2004) (affirming denial of attorney's fees because moving party failed to prove prevailing party status). Pursuant to Fed. R. Civ. P. 56(a), summary judgment shall be granted if the movant shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (quoting Fed. R. Civ. P. 56). Summary judgment should be granted against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The court is required to draw all justifiable inferences in the non-moving party's favor and to accept the nonmoving party's evidence as true. *See Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The nonmoving party must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. The non-moving party cannot rely on allegations or conclusory statements. *See Greene v Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) ("Accepting such conclusory allegations as true, therefore, would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial."). Instead, the non-moving party is obliged to present specific facts that would enable a reasonable jury to find in its favor. *Id.*

---

[2] The typical summary judgment standard is inapplicable here because "[t]he IDEA authorizes a court to award fees in its discretion and to base the award on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *Parks v. D.C.*, 895 F. Supp. 2d 124, 129 (D.D.C. 2012) (citation and internal quotations omitted).

### B. Prevailing Party Status

The IDEA gives courts authority to award reasonable attorney's fees to the parents of a child with a disability who is the prevailing party. *See* 20 U.S.C. § 1415(i)(3)(B).[3] The court must initially determine whether the party seeking attorney's fees is the prevailing party. *See Jackson v. D.C.*, 696 F. Supp. 2d 97, 101 (D.D.C. 2010). Whether the plaintiff is a "prevailing party" under § 1415(i)(3)(B) is a "question of law" for the court to decide "based on the administrative record and the hearing officer's decision." *Artis ex rel. S.A. v. D.C.*, 543 F. Supp. 2d 15, 22 (D.D.C. 2005); *see also D.C. v. W.*, 699 F. Supp. 2d 273, 278 (D.D.C. 2010) (in considering a claim for IDEA attorney's fees, it is the court "not the hearing officer in the administrative proceeding, which determines prevailing party status") (quoting *D.C. v. Straus*, 607 F. Supp. 2d 180, 183 (D.D.C. 2009)).

### C. Establishing a Reasonable Fee

The plaintiff has the burden of establishing the reasonableness of any fee requests. *See In re N.*, 59 F.3d 184, 189 (D.C. Cir. 1995) (per curiam); *see also Covington v. D.C.*, 57 F.3d 1101, 1107 (D.C. Cir. 1995) ("[A] fee applicant bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates.") (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). "An award of attorney's fees is calculated by multiplying a *reasonable hourly rate* by the *number of hours reasonably expended* on the case." *Smith*, 954 F. Supp. at 364 (citing *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983)) (emphasis added); *see also Blum*, 465 U.S. at 888.

---

[3] "An action or proceeding under the IDEA includes both civil litigation in federal court and administrative litigation before hearing officers." *Smith v. Roher*, 954 F. Supp. 359, 362 (D.D.C. 1997) (quoting *Moore v. D.C*, 907 F.2d 165, 176 (D.C. Cir. 1990), *cert. denied*, 498 U.S. 998 (1990) (negative treatment on other grounds)).

The IDEA states that "[f]ees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). To demonstrate a reasonable hourly rate, the fee applicant must show: (1) an attorney's usual billing practices; (2) counsel's skill, experience and reputation; and (3) the prevailing market rates in the community. *See Covington*, 57 F.3d at 1103, 1107 (citations omitted). The determination of a "'market rate' for the services of a lawyer is inherently difficult" and is decided by the court in its discretion. *Blum*, 465 U.S. at 896 n.11. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence . . . that the requested [hourly] rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* Additionally, an attorney's usual billing rate may be considered the "reasonable rate" if it accords with the rates prevailing in the community for similar services by lawyers possessing similar skill, experience and reputation. *Kattan by Thomas v. D.C.*, 995 F.2d 274, 278 (D.C. Cir. 1993) (quoting *Blum*, 465 U.S. at 895-96 n.11).

### III.   ANALYSIS

#### A.  Reasonableness of Hourly Rates

Plaintiffs offered evidence sufficient to establish his attorney's experience, skill, and reputation in IDEA matters. (Memorandum at 5, 7). Plaintiffs' counsel utilizes the hourly rates set forth in the *Laffey* Matrix and has voluntarily chosen to limit his fee requests to three-quarters of the *Laffey* matrix rate. (*Id.* at 7). Defendant does not contest that three-quarters of the *Laffey* matrix rate is appropriate in this case. (Cross Motion at 1).

The *Laffey* Matrix was created to follow rates charged by litigators who practice complex federal litigation in the District of Columbia, which are presumptive maximum rates for such litigation. *See Laffey v Northwest Airlines, Inc.*, 572 F. Supp. 354, 374 (D.D.C. 1983) *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984) ("the relevant legal market in this action is complex employment discrimination litigation"). The United States Attorney's Office for the District of Columbia updates the Matrix annually to reflect increases in the local Consumer Price Index.[4]  *Rooths v. District of Columbia,* 802 F. Supp. 2d 56, 61 (D.D.C. 2011).

Where the issues are not complex, insofar as there is no pre-hearing discovery, no lengthy argument, and few, if any, motions, some judges of this Court have awarded reduced *Laffey* Matrix rates. *See Brighthaupt*, 2014 WL 1365506 at *3 (finding that none of the three cases involved issues that were complex but instead that they proceeded in a "fairly routine fashion"). *See also McAllister v. D.C.*, Civil Action No. 11- 2173 (RC), 2014 WL 901512, at *9 (D.D.C. Mar. 6, 2014) (finding *Laffey* Matrix rates unwarranted because the hearings at issue lacked complexity; there were few or no witnesses, limited contested issues and in one case, a default judgment was entered due to defense counsel's failure to appear); *Wright v. D.C.*, Civil Action No. 11-384 (AK), 2012 WL 79015, at *4 (D.D.C. Jan. 11, 2012) (involving a one day long routine administrative proceeding where the time counsel spent preparing for the hearing was nominal). Plaintiff's voluntary reduction in the fee requests, therefore, is in line with many decisions in this district court. *See, e.g.*, *Sykes v. District of Columbia*, 870 F. Supp 2d 86 (D.D.C. 2012); *Davis v. District of Columbia*, 864 F. Supp 2d 110 (D.D.C. 2012); *Wood v. District of Columbia*, 864 F. Supp. 2d 82 (D.D.C. 2012) (all awarding three-quarters of the *Laffey* matrix rate for IDEA cases). Since the underlying administrative action in the instant case

---

[4] The *Laffey* Matrix is available at http://www.justice.gov/sites/default/files/usao-dc/legacy/2013/09/09/Laffey_Matrix%202014.pdf.

was straightforward and uncomplicated, and because the Defendant does not contest the rate that Plaintiffs' counsel utilized, the undersigned agrees that three-quarters of the *Laffey* matrix rate is appropriate in this case.

### B. Specific Billing Issues

Defendant does not contest Plaintiffs' prevailing party status or argue that the overall fee award should be reduced for partial success at the administrative hearing. Instead, Defendant argues that Plaintiffs should not recover fees for (1) work done prior the filing of the due process complaint or after the HOD was released; (2) IEP-related work; and (3) a perceived "delay" in payment from the Defendant to Plaintiffs' counsel. (Cross Motion at 5-9). The undersigned will address each issue in turn.

#### 1. Time billed prior to filing the DPC and after the issuance of the HOD

Plaintiffs' counsel billed for 18.5 hours for work occurring prior to filing the due process complaint and 20.5 hours after the issuance of the HOD. (Attorney Fee Worksheet at 2-6; 13-17). Defendant argues that these fees are non-recoverable because the IDEA does not unambiguously put States on notice of liability for attorney's fees "incurred before the filing of a due process complaint or after the issuance of a hearing officer decision." (Cross Motion at 6). Defendant contends that awarding fees for this work would be tantamount to rewarding "an undefined form of ongoing representation of students." (*Id.*) As support for this argument, Defendant focuses on the language of the IDEA statute that permits the awarding of fees for a prevailing party's representation "in an 'action' or 'proceeding'" brought under the statute, reading this phrase restrictively to include only the time between the filing of a request for an administrative hearing

and the issuance of the administrative decision.  (*Id.*); *see also* 20 U.S.C. §1415(i)(3)(B)(i).  Plaintiffs contend, however, that only fees that are not reasonably related in time to the underlying administrative proceeding should be discounted.  (Pls.' Reply at 4-5).  Plaintiffs also correctly note that "Defendant does not actually give a specific accounting or break down of the time entries" that it believes are too remote and instead "arbitrarily chopped off all fee requests prior to March 26, 2014, just the day prior to the filing of the due process complaint" as well as all fee requests after the issuance of the HOD.  (Pls.' Reply at 5).   Plaintiffs do concede that "3 entries invoiced on May 2, 2013 and 2 entries invoiced on May 23, 2013 are not billable and will be stricken…reducing the amount the Plaintiffs are seeking by $167.50."  (Pls.' Reply at 6).

As Defendant noted, a lack of temporal proximity would be grounds for disregarding these hours.  *See Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 973 (D.C.Cir. 2004) (where administrative fee charges have no temporal proximity to the proceeding on which the right to fees is based but instead appear to be administrative matters between counsel and client, these charges are not appropriate for reimbursement).  So long as there is a meaningful relationship between the hours billed and the administrative proceeding, however, the hours are reasonable and attorney's fees may be awarded; the Court should discount hours only when the work performed by Plaintiff's counsel is too remote in time and unnecessary or unrelated to the underlying administrative proceeding.  *Compare Czarniewy v. D.C.*, No. 02-1496 (HHK) 2005 WL 692081, at *4 (D.D.C. Mar. 25, 2005) (disallowing unexplained charges that predated the administrative hearing by an extended period of time so as to "preclude a meaningful relationship with the hearing") *with Lax v. D.C.*, No. 04-1940 (HHK) 2006 WL 1980264, at *4 (D.D.C. July 12, 2006) (fees predating the hearing by an extended period of time were allowable because Plaintiffs tied each charge to the subsequent hearing).

Defendant's argument that the Court should absolutely bar recovery of attorney's fees prior to the DPH or after the issuance of the HOD is unavailing.  Instead, consistent with numerous cases from this Court, the undersigned has untaken a review of the time sheets submitted by Plaintiffs in order to determine whether or not there is a meaningful relationship and sufficient temporal proximity between the charges and the underlying administrative action.  This individualized review of the billing records—which Defendant failed to undertake—is necessary, since "[a]s the D.C. Circuit has noted, an opposing party does not meet his burden by simply stating…that the hours claimed are excessive." *Lax*, 2006 WL 1980264, at *4 (internal quotation marks omitted).

Upon review of the billing records, the time billed prior to filing to DPC and after the issuance of the HOD is reasonably related to the underlying administrative action and is recoverable.  As discussed in detail in the following section, a majority of Plaintiffs' billing entries prior to filing the DPC are stricken, since they are for IEP-related charges, which the IDEA specifically disallows.  20 U.S.C. § 1415(i)(3)(D)(ii).  The remaining entries prior to filing the DPC include critical work involving A.C.'s progress in school, requesting assessments from DCPS, and preparing for filing the DPC.  (Attorney Fee Worksheet at 2-12).  Billing entries from date of the HOD reflect necessary follow-up by Plaintiffs' counsel to ensure DCPS's compliance with what the hearing officer ordered in the HOD, including several discussions with DCPS regarding the status of the assessments.  (Attorney Fee Worksheet at 13-17).  These entries go to the heart of the representation, and the undersigned therefore will not strike any hours that Plaintiffs' counsel billed prior to filing the DPC or after the issuance of the HOD, save for the IEP-related charges.

**2. IEP-related charges**

Plaintiffs' counsel seeks reimbursement for time spent on work relating to A.C.'s IEP. (Attorney Fee Worksheet [11-6] at 2-6). Defendant objects to Plaintiffs' counsel billing for these activities and argues that the IDEA specifically disallows recovery of attorney's fees related to IEP meetings unless the meeting is convened as a result of an administrative proceeding or judicial action. (Opposition at 7-8; Def.'s Reply at 3); *see also* 20 U.S.C. § 1415(i)(3)(D)(ii). Although Plaintiffs correctly note that counsel did not invoice Defendant for participation or attendance at any IEP meeting, it is statutorily prohibited under the IDEA to recover attorney's fees for work relating to an IEP meeting not convened due to an administrative proceeding or judicial action. (Pls.' Reply at 10-11); 20 U.S.C. § 1415(i)(3)(D)(ii). On numerous occasions, this Court has found that legal services rendered in connection with a student's IEP meeting— including certain items for which Plaintiffs' counsel billed in the instant case, such as pre-IEP meetings and preparation for the IEP meeting—are not compensable. *See, e.g.*, *A.S. v. D.C.*, 842 F.Supp. 2d 40, 47 (D.D.C. 2012); *Friendship Edison Pub. Charter Sch. Collegiate Campus v. Nesbitt*, 752 F. Supp. 2d 1, 9 (D.D.C. 2010); *A.C. v. D.C.*, 674 F. Supp. 2d 149, 156 (D.D.C. 2009) (excluding hours billed for work relating to IEP meetings). The undersigned has reviewed the attorney fee worksheet and will reduce Mr. Hill's fee award by 9.5 hours for charges**,** totaling $3,182.50, for IEP-related charges incurred between October 2, 2013 and March 11, 2014. (Attorney Fee Worksheet at 2-6).

**3. "Delay" in payment**

Plaintiffs included in their proposed Order—but did not argue in their Motion for Summary Judgment—a request that the Court, in deciding a reasonable hourly rate, tack onto the

overall fee award "an additional $2,000.00 for each delay of a month or part thereof in payment to the Plaintiff." ([11-3] at 1).  Defendant interpreted this language as punishment against DCPS for not settling the issue of attorney's fees prior to Plaintiffs initiating the instant action. (Opposition at 8-9).  Plaintiffs do not argue that Defendant has caused Mr. Hill financial hardship "because of any delays before the start of [this] litigation." (Pls.' Reply at 13).  Rather, Plaintiffs respond that they request an additional $2,000 per month only "in the event the Defendant fails to make payment within 30 calendar days of a final decision that the Defendant be ordered to pay" attorney's fees to Plaintiffs. (*Id.* at 12).  Plaintiffs claim that this additional $2,000 per month places necessary pressure on Defendant to comply with any potential court orders "because of the District's long history of ignoring timeliness of orders for payment." (*Id.* at 13).

The issue of Defendant's intransigence regarding IDEA attorney's fees and its regular refusal to reimburse in a timely fashion is well-documented.  *See, e.g.*, *Thomas v. D.C.*, 908 F.Supp. 2d 233, 244-46 (D.D.C. 2012) (noting that the District has exhibited a pattern of avoiding payment for attorney's fees in IDEA, sometimes delaying payment for over a year or simply refusing to pay fees at all, which has led to a "disgraceful state of affairs").  Defendant's Reply is silent on the issue, and the District chose not to respond to the charge that it routinely delays payment to counsel of prevailing Plaintiffs in IDEA proceedings.

Another judge of this Court recently noted ordering the District to pay $2,000 for every month that payment is delayed is a "severe penalty at this stage in the litigation" and is unprecedented in this Circuit.  *Brown v. D.C.*, No. 14-1405 (RC), 2015 WL 690928, at *8 (D.D.C. Feb. 19, 2015).  Nevertheless, the Court in *Brown* awarded Plaintiff's counsel post-judgment interest in order to ensure that the District promptly remits attorney's fees, and the

undersigned is prepared to do the same in the instant case. *Id.* 28 U.S.C. § 1961(a) permits awarding post-judgment interest and instructs that interest may be ordered on "any money judgment in a civil case recovered in a district court," and several judges of this Court have provided for the same remedy in order to combat any potential delay in recovering attorney's fees. *See, e.g.*, *Holbrook v. D.C.*, 305 F. Supp. 2d 41, 47-49 (D.D.C. 2004) (awarding post-judgment interest on any remaining balance after 31 days from the entry of Order).

The undersigned seeks to balance Plaintiffs' need to receive prompt compensation with the District's need for sufficient time to request, receive, and remit the funds. Therefore, the undersigned will award Plaintiffs post-judgment interest, calculated at the statutory rate, for any balance due and owing 91 days from the date of the Order accompanying this Memorandum Opinion.

## IV.   CONCLUSION

For the reasons stated above, the undersigned grants in part and denies in part Plaintiff's Motion for Summary Judgment [11] and grants in part and denies in part Defendant's Cross Motion for Summary Judgment [14]. As previously noted, Mr. Hill documented 107.4 hours of attorney time, billed at $335.00 and $345.00 per hour. (Memorandum at 7; Attorney Fee Worksheet). Taking into account 9.5 disallowed hours for IEP-related work, as well as the .5 hours Plaintiffs voluntarily deducted, the undersigned thus awards Plaintiff a total of $32,975.00 in attorney's fees. An Order consistent with this Memorandum Opinion will be issued separately.

Date: <u>July 22, 2015</u>                                    _____/s/_____
                                                                             ALAN KAY
                                                                             UNITED STATES MAGISTRATE JUDGE